Rule 701.  Assignment of Judges to Courts

(A) Conditions Applicable for the Certification of Senior Magisterial District Judges, Judges or Justices.

(1) To be eligible for senior certification, a magisterial district judge, judge or justice:

(a) shall have served as a magisterial district judge, judge or justice, whether or not continuously or on the same court, by election or appointment for an aggregate period equaling ten years;

(b) shall not have been defeated for reelection or retention; and

(c) shall be at least sixty-five years of age on the date on which he or she begins senior service, or have a combination of years of judicial service plus age that totals at least seventy for magisterial district judges or at least eighty for judges and justices. However, this subsection (c) shall not apply to those serving in senior status as of the effective date of this rule.

(2) In addition to paragraph (1), any duly elected magisterial district judge, judge or justice, having an aggregate of five years of judicial service, who is required to retire due to mandatory retirement age, shall be eligible for certification.

**(3) Judges seeking senior status must apply for such status immediately upon retirement.  Thereafter, requests for senior status shall be granted only upon application to and approval by the Supreme Court, which approval will be granted only upon a showing of compelling and exceptional circumstances.**

> *Note:*  **As a matter of state law passed to conform with federal law, judges who otherwise qualify for senior service but retire before age 62 cannot serve as senior judges and simultaneously receive their state pension until they have reached age 62 or have been an annuitant (retiree) for one year, whichever is earlier.  See 71 Pa.C.S. § 5706(a)(1), (2) & (a.4).  Such judges must choose between (1) receiving their pension but delaying senior service (accepting judicial assignments) until they reach one of those thresholds, or (2) delaying receipt of their pension (and associated retiree medical benefits) while serving as a senior judge (accepting assignments) during that period.  Judges who retire before age 62 and who seek senior status must apply immediately upon retirement but may request to delay service.  Delaying service will not affect the applicability of the relevant code of judicial conduct, including but not limited to those**

**provisions regulating personal and extrajudicial activity,** *see* **Pa. Code of Jud. Conduct (Canon 3); Pa. Rules Governing Standards of Conduct of Magisterial District Judges (Canon 3), and political activity,** *see* **Pa. Code of Jud. Conduct (Canon 4); Pa. Rules Governing Standards of Conduct of Magisterial District Judges (Canon 4).**

**[(3)](4)** Senior status shall end on the last day of the calendar year in which a magisterial district judge, judge or justice attains age seventy-eight; however, those serving in senior status as of the effective date of this rule who were previously excepted from the age seventy-five limitation pursuant to the amendment of January 1, 1999 may continue to serve until the last day of the calendar year in which they attain age eighty.

**[(4)](5)** For certification of senior status, a magisterial district judge, judge or justice shall verify such additional information as required by the application for certification forms authorized under paragraph (B) below.

**[(5)](6)** A magisterial district judge, judge or justice may only be certified for senior status for a maximum of ten years, absent extraordinary circumstances, as determined by the Chief Justice. However, those serving in senior status as of the effective date of this rule may continue to serve until subject to the age limit of paragraph **[(3)](4)** above.

**[(6)](7)** Certification of a magisterial district judge, judge or justice for senior status shall be subject to the pleasure of the Supreme Court. The Supreme Court at any time, in the exercise of its sole discretion, may rescind or revoke a senior certification.

> *Note:* Paragraph **[(6)](7)** was added in 2016 to clarify that certification of senior status is (and always has been) a matter that is subject to the pleasure of the Supreme Court.

\* \* \* \*